10109

## STATE v. JACKSON.

(97 S. E. 768.)

1. CRIMINAL LAW—INSTRUCTIONS CONSTRUED AS A WHOLE.—In murder prosecution, defendant *held* to have failed to satisfy Court that instruction that, if defendant had any legal right to take deceased's life, he was guilty of murder was prejudicial error, when viewed in connection with the charge as a whole.

2. CRIMINAL LAW—INSTRUCTIONS.—The charge must be considered in its entirety.

Before SHIPP, J., Abbeville, Spring term, 1918. Affirmed.

John Henry Jackson was convicted of murder, and he appeals.

*Mr. J. Howard Moore,* for appellant.

*Mr. Solicitor H. S. Blackwell,* for the State.

January 8, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was indicted for the murder of Esther Lindsay. The jury rendered a verdict of guilty, and he was sentenced to be electrocuted, whereupon he appealed upon the following exception:

"Because his Honor erred in charging the jury as fol-
lows: 'Now, the only question for you to decide is, Has the
State convinced you beyond a reasonable doubt that John
Henry Jackson took the life of Esther Lindsay? If you
are satisfied of that, then you go a step further: With what
intent did he do it? If you find that he did kill him, did he
kill him with an evil purpose? Was he actuated by malice
before the act was committed? Did he have any legal right
to take his life? If you find all those in the affirmative,
why, then, he is guilty of murder,—the error being that the
Judge charged the jury that if the defendant did have any
legal right to take the life of the deceased, why, then, the
defendant is guilty of murder. This is an error of law.
His Honor should have charged the jury that, if they find
that the defendant did have any legal right to take the life
of the defendant, why, then, he is not guilty of murder, and
should be acquitted."

The only statement of the testimony in the record is as
follows:

"At the trial the testimony was to the effect that the
defendant, the deceased, and George Stewart, were down in
a cornfield pulling fodder, when the deceased, Esther Lind-
say, was killed. The defendant's testimony was that George
Stewart killed the deceased, and George Stewart testified
that the defendant killed the deceased."

The appellant's attorney has failed to satisfy this
1, 2    Court that there was prejudicial error, especially as
the charge must be considered in its entirety.

It is the judgment of this Court that the judgment of the
Circuit Court be affirmed, and that the case be remanded to
that Court, for the purpose of having a new day assigned,
for executing the sentence of the Court.